**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**RUBY SALVIN,**

      **Plaintiff,**

**v.**                                                          **Civil Action No. 2:06cv264**


**AMERICAN NATIONAL PROPERTY &**
**CASUALTY COMPANY,**

**and**

**AMERICAN NATIONAL INSURANCE**
**COMPANY,**

      **Defendants.**

## ORDER AND OPINION

This matter comes before the court on defendant American National Insurance

Company's ("ANICO") Motion for Summary Judgment, filed pursuant to Federal Rule of Civil

Procedure 56.  After examination of the briefs and record, this court determines oral argument is

unnecessary because the facts and legal arguments are adequately presented, and the decisional

process would not be significantly aided by oral argument.  The court, for the reasons set out

fully herein, **GRANTS** the defendant's motion for summary judgment.

**I.  Factual and Procedural Background**

The plaintiff, Ruby Salvin, by and through counsel, brought this action against defendants

ANICO and American National Property & Casualty Company ("ANPAC") on March 17, 2006,

in the Circuit Court for the City of Chesapeake, Virginia.  On May 15, 2006, the defendants

1

removed the case to this court on the basis of diversity jurisdiction, and on May 22, 2006, the

defendants filed separate but similar motions to dismiss on the ground that the plaintiff had failed

to state a claim for which relief could be granted.

     The facts underlying this case, and its procedural history, are more fully set out in this

court's Opinion and Order of July 25, 2006, which granted the defendants' motions to dismiss

with respect to all but the plaintiff's breach of contract claim.  The claim that remains is one

regarding the alleged alteration of records by the defendants, in which the plaintiff claims that the

defendants, after terminating their agency relationships with the plaintiff, fraudulently altered

records to reduce the number of insurance applications that the plaintiff had submitted.  This

allegedly resulted in a decrease in the compensation paid to the plaintiff in accordance with the

Post-Termination Compensation Schedule to which the parties had previously agreed.

     Defendant ANICO now moves this court to grant summary judgment in its favor with

respect to this remaining claim.  ANICO filed its motion on September 27, 2006, and the plaintiff

responded on October 11, 2006.  ANICO filed a reply brief on October 17, 2006.  The matter is

now ripe for adjudication.

## II.  Standard of Review

     Summary judgment under Federal Rule of Civil Procedure 56 is only appropriate when

the court, viewing the record as a whole and in the light most favorable to the non-moving party,

determines that there exist no genuine issues of material fact and that the moving party is entitled

to judgment as a matter of law.  See, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986);

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50 (1986); Terry's Floor Fashions, Inc. v.

Burlington Indus., Inc., 763 F.2d 604, 610 (4th Cir. 1985).  Once a party has properly filed

evidence supporting the motion for summary judgment, the non-moving party may not rest upon mere allegations in the pleadings, but must instead set forth specific facts illustrating genuine issues for trial.  Celotex Corp., 477 U.S. at 322-24.  Such facts must be presented in the form of exhibits and sworn affidavits.  Failure by the plaintiff to rebut defendant's motion with such evidence will result in summary judgment.  "[T]he plain language of Rule 56 mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Id. at 322.  Although the moving party bears the initial burden of stating the basis for its motion, that burden can be discharged if the moving party can show "an absence of evidence to support the non-moving party's case."  Id. at 323, 325.  After the moving party has discharged the burden, the non-moving party must then designate specific facts showing that there is a genuine issue of material fact.  Id. at 324.

To enter summary judgment, a court does not need to determine that there are no factual issues in dispute.  To find against the moving party, however, the court must find both that the facts in dispute are material and that the disputed issues are genuine.  A factual dispute is deemed to be material if it is dispositive of the claim.  See Thompson Everett, Inc. v. National Cable Advertising, L.P., 57 F.3d 1317, 1323 (4th Cir. 1995).  Similarly, a factual dispute is considered genuine if it is based on more than speculation or inference.  Celotex Corp., 477 U.S. at 327; Runnebaum v. NationsBank of Md., N.A., 123 F.3d 156, 164 (4th Cir. 1997) (en banc), overruled on other grounds by Bragdon v. Abbott, 524 U.S. 624 (1998).

While it is the movant's burden to show the absence of a genuine issue of material fact, Pulliam Investment Co., Inc. v. Cameo Properties, 810 F.2d 1282, 1286 (4th Cir. 1987), it is the

3

non-movant's burden to establish the existence of such an issue.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-587 (1986).  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."  Anderson, 477 U.S. at 252.  To survive summary judgment, the non-moving party must present evidence that is "significantly probative." Celotex Corp., 477 U.S. at 327.

The plaintiff has responded to ANICO's motion for summary judgment by arguing that a genuine issue of material fact exists as to an alleged breach of contract.  However, the plaintiff now claims that the breach of contract involves the termination of the plaintiff's agency by ANICO, which allegedly violated the agency agreement between the plaintiff and ANICO.  In her response to ANICO's motion for summary judgment, the plaintiff fails to address the altered documents claim.  By not doing so, the plaintiff has brought herself within the purview of FED. R. CIV. P. 56(e), which states "the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."  The facts as presented in ANICO's motion for summary judgment remain uncontradicted as to the plaintiff's altered documents claim, and therefore must be taken as the factual basis for this court's decision.  See LOC. R. 56(b).

The plaintiff, in her response, attempts to recast her claim for breach of contract as centering on her termination by ANICO and ANICO's purported misuse of an  "Agency Profile" scoring system, which she claims was in violation of her agency contract with ANICO.  In support of this, the plaintiff attaches an affidavit from herself, in which she alleges that ANICO

4

manipulated an "Agency Score" that tracked her performance, in order to diminish the value of her agency, and that ANICO wrongfully terminated her without one of several listed causes, in violation of her agency agreement.

## III. Analysis

As this court's order of July 25, 2006 makes clear, all of the plaintiff's claims but her claim for breach of contract based on altered records have been dismissed.  Although the plaintiff now seeks to recast the breach of which she complains as stemming from her termination by ANICO, it is clear that she has made no such prior claim.  Specifically, the plaintiff argues that, because Paragraph 7B of the agency agreement she entered into with ANICO enumerates five specific justifications for termination by ANICO, and her termination was not as a result of any of those five justifications, ANICO breached the agency agreement by terminating her. However, in her Amended Motion for Judgment, filed in Chesapeake Circuit Court on April 17, 2006, the plaintiff does not allege any such breach.  Under the heading "Breach of Contract," the plaintiff merely lists the following:

> 25. The allegations of paragraphs 1-24 are realleged as if fully se [sic] forth herein.
> 26. Plaintiff and Defendants entered into agreements as set forth herein concerning Plaintiff's sales quota.
> 27. There was adequate consideration supporting the parties' sales quota agreements.
> 28. Defendants breached these sales quota agreements.
> 29. Plaintiff has suffered actual damages as a result of Defendants' breach of contract in an amount not to exceed 250,000.00

(Plaintiff's Amended Motion for Judgment, ¶¶ 25-29).

Nowhere in the preceding twenty-four paragraphs of the Amended Motion for Judgment is the claim that the plaintiff was wrongfully terminated in violation of her written agency contract alleged.  The plaintiff has not sought leave to amend her complaint to add this additional

claim, and it is too late for her now to do so.  See Auston v. Schubnell, 116 F.3d 251, 255 (7th

Cir. 1997).  The plaintiff is therefore not entitled to assert these new claims in an effort to avoid

summary judgment.  As this court's order of July 25, 2006 made clear, the only claim which was

not dismissed was the plaintiff's allegation that the defendants had breached their contracts with

her by altering the records of the number of policies she had sold.

    With respect to the claim regarding misuse of the "Agency Profile" scoring system,

allegedly in violation of the plaintiff's agency agreement with ANICO, the plaintiff's Amended

Motion for Judgment does indicate, under the heading "FACTS," her claim that ANICO had

changed criteria used in determining her "agency profile score," thus allegedly contributing to a

reduction in value of the plaintiff's agency in accordance with the Post-Termination Schedule of

payments agreed to by the plaintiff and ANICO.  While this allegation does not specifically claim

a breach of contract,[1] paragraph 25 of the plaintiff's Amended Motion for Judgment realleges this

claim under the heading "Breach of Contract," and therefore it appears that she has made the

allegation that ANICO manipulated the "Agency Profile" scoring system in violation of her

contract.

    As noted above, in support of her response memorandum to ANICO's motion for

summary judgment, the plaintiff has attached an affidavit of herself.  However, "a genuine issue

of material fact is not created where the only issue of fact is to determine which of the two

---

[1]In fact, it appears from the language of this claim that the plaintiff intended it to support
her allegations of fraud and constructive fraud.  These allegations were dismissed by this court on
July 25, 2006.  In the plaintiff's response to ANICO's and ANPAC's motions to dismiss, she
stated her intent to file an amended complaint without the claims of fraud, and therefore this
court construed this statement "as a concession that she has failed to state a claim for
fraud/constructive fraud under Virginia law, and thus, is withdrawing her fraud claims."  (Order
and Opinion, July 25, 2006, at 10).

conflicting versions of the plaintiff's testimony is correct." <u>Barwick v. Celotex Corp.</u>, 736 F.2d 946, 960 (4th Cir. 1984) (citing <u>Radobenko v. Automated Equipment Co.</u>, 520 F.2d 540, 544 (9th Cir. 1975)).  ANICO has submitted transcripts of depositions given by the plaintiff, in which she indicates her understanding that her agency with ANICO was governed solely by the contract she had with ANICO, and was not affected by her contract with ANPAC.  (Deposition of Ruby Salvin, Defendant's Exhibit A, at 47-48).  Additionally, her deposition testimony demonstrates the plaintiff's understanding that the term "Agency Profile" did not appear in her contract with ANICO, and that her commissions on the sale of life insurance for ANICO were in no way affected by her Agency Profile score.  (Deposition of Ruby Salvin, Defendant's Exhibit A, at 87-88).

The plaintiff now contradicts this sworn deposition testimony with the filing of her affidavit, in which she indicates her belief that ANICO and ANPAC are one company, and claims that they both used an "Agency Score" as a means to assess her performance in selling insurance policies.  (Affidavit of Ruby Salvin, Plaintiff's Exhibit A, at ¶¶ 2-4).  Such a contradiction, as made clear by <u>Barwick</u>, does not create a genuine issue of material fact, especially where, as here, the plaintiff's affidavit is conclusory and consists entirely of generalities.  <u>See Barwick</u>, 736 F.2d at 960.  The plaintiff claims that ANICO deliberately kept her uninformed about changes to the "Agency Profile" scoring system.  However, this allegation is predicated on the allegation that ANICO actually uses such a system, a charge which ANICO has denied and the plaintiff has indicated is not supported by her contract.  Indeed, a copy of the plaintiff's agency agreement attached to the pleadings makes no mention of an "Agency Profile" scoring system.

Under Virginia law, a breach of contract is proved by demonstrating three elements: "1) a legally enforceable obligation of a defendant to a plaintiff; 2) the defendant's violation or breach of that obligation; and 3) injury or damage to the plaintiff caused by the breach of obligation." 17th St. Assocs., LLP v. Markel Int'l Ins. Co., 373 F.Supp.2d 584, 597 (E.D. Va. 2005) (citing Filak v. George, 267 Va. 612, 619 (2004) (citations omitted)). Because the plaintiff's contract with ANICO creates no legally enforceable obligations with regard to any "Agency Profile" scoring system, the plaintiff cannot demonstrate the first element required to show breach of contract. The plaintiff alleges that the changes to the scoring system were not relayed to her in writing. However, the contract provides that it may only be modified by a writing signed by the plaintiff and a representative of ANICO. (ANICO Agent Agreement, Defendant's Exhibit 5 to Motion for Summary Judgment, ¶ 15). Thus any oral representations allegedly made by ANICO representatives to the plaintiff regarding an "Agency Profile" score are not enforceable, because they are not in a writing signed by the parties. It is clear, then, that the plaintiff's claim for breach of contract with regard to modifications to an "Agency Profile" scoring system cannot survive summary judgment.

Further, even were the plaintiff permitted to proceed on her breach of contract claim with regard to wrongful termination, it is clear that summary judgment in favor of ANICO would be appropriate. Although the plaintiff stresses the five specifically enumerated factors of Paragraph 7B of her agency agreement with ANICO, she ignores Paragraph 7A, which provides, quite clearly: "You or the Company may terminate this Agreement at any time by giving written notice to the other party at least thirty (30) days prior to the date fixed for termination. The notice shall be delivered personally or mailed to the other party's last known address." (ANICO Agent

8

Agreement, Defendant's Exhibit 5 to Motion for Summary Judgment, at 4).  ANICO has

consistently claimed that the plaintiff was terminated in accordance with Paragraph 7A, and the

plaintiff has not disputed that she received the requisite thirty days notice.  It is clear, then, that

there is no genuine dispute of material fact as to this claim, and defendant ANICO is entitled to

judgment as a matter of law.

To the extent that the plaintiff did assert a claim for wrongful termination in her

Amended Motion for Judgment, that claim centered on an alleged breach of a sales quota

agreement.  This court dismissed that portion of the plaintiff's case against ANICO and ANPAC

in its order of July 25, 2006, finding that any sales quota agreement that may have existed "would

not constitute an amendment to the parties' agreements because this alleged [agreement] was not

in writing and signed by both parties."  (Order and Opinion, July 25, 2006, at 12).  The plaintiff

is therefore barred from raising this issue in opposition to summary judgment, as it is no longer

part of her case.

Turning to the issue of altered records, because the plaintiff has provided no facts to

dispute ANICO's account, there can be no genuine dispute of material fact.  Because ANICO is

entitled to judgment as a matter of law, the court finds that summary judgment in favor of

ANICO is appropriate as to this claim.

**IV.  Conclusion**

After reviewing the record as a whole and in the light most favorable to the plaintiff, the

court has determined that there exist no genuine issues of material fact upon which a jury could

base a ruling in her favor, and that the defendant, ANICO, is entitled to judgment as a matter of

law.  For the reasons stated on the record, and for those discussed above, the court **GRANTS**

ANICO's motion for summary judgment with respect to the plaintiff's entire remaining claims, and the matter is dismissed as to ANICO.

The Clerk is **REQUESTED** to send a copy of this Order to counsel of record for all parties.

It is so **ORDERED**.


_____
                    /s/
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

October 31, 2006
Norfolk, Virginia